**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| JAMES PRATT,                     ) | |
|                                           ) | |
|         Plaintiff,                    ) | |
|                                           ) | CIVIL ACTION |
| v.                                       ) | |
|                                           ) | No.  06-2561-CM |
|                                           ) | |
| MICHAEL J. ASTRUE,[1]       ) | |
| Commissioner of Social Security, ) | |
|                                           ) | |
|         Defendant.                 ) | |
|                                           ) | |

**MEMORANDUM AND ORDER**

The present dispute involves a request for review of defendant's denial of benefits.  Pending before the court is Defendant's Motion to Reverse and Remand and for Entry of Final Judgment (Doc. 15).

Pursuant to 42 U.S.C. § 405(g), "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  Defendant requests that the court reverse and remand this case to defendant for reevaluation.  Plaintiff states that a remand for further evaluation is unnecessary, and asks the court to reverse the case with directions to make an immediate award of benefits.

---

[1] On February 12, 2007, Michael J. Astrue was sworn in as Commissioner of Social Security.  In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Astrue is substituted for Commissioner Jo Anne B. Barnhart as the defendant.  No further action is necessary pursuant to the last sentence of 42 U.S.C. § 405(g).

When reversing the Commissioner's decision, the court may either remand a case for further proceedings or direct an immediate award of benefits. *Talbot v. Heckler*, 814 F.2d 1456, 1465 n.6 (10th Cir. 1987). The decision is committed to the sound discretion of the court. *See Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993) ("When a decision of the Secretary is reversed on appeal, it is within this court's discretion to remand either for further administrative proceedings or for an immediate award of benefits."). A remand for further proceedings is generally required unless it would serve no purpose. *Dollar v. Bowen*, 821 F.2d 530, 534 (10th Cir. 1987) (citation omitted). Moreover, courts have generally declined to enter an immediate award of benefits where the ALJ made minimal findings not supported by adequate evaluation of the evidence. *See, e.g., Higgins v. Barnhart*, 294 F. Supp. 2d 1206, 1215 (D. Kan. 2003).

The court has reviewed the record in this case and finds that a remand would be beneficial. Remand will allow the ALJ to fully explain the weight that he gave the medical opinions. He will be able to address plaintiff's obesity, discuss the effect of plaintiff's combined impairments, and reevaluate plaintiff's residual functional capacity. Supplemental evidence from a vocational expert may also be beneficial. Remand will expedite administrative review, ensure that the ALJ properly evaluates plaintiff's claim, and ultimately could render judicial review unnecessary. Accordingly, this case is reversed and remanded for further consideration. The court's order shall be considered a final judgment. *See, e.g., Shalala v. Schaeffer*, 509 U.S. 292, 297–98 (1993).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reverse and Remand and for Entry of Final Judgment (Doc. 15) is granted.  The above-entitled case is reversed and remanded for further agency review pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 17th day of August 2007, at Kansas City, Kansas.

                                           **s/ Carlos Murguia**
                                           **CARLOS MURGUIA**
                                           **United States District Judge**